ISRAEL GLASER, PROSECUTOR, v. DISTRICT COURT OF THE CITY OF PERTH AMBOY AND EDWARD HUT-MACHER AND SOL SCHWARTZ, TRADING AS CADIL-LAC SHIRT COMPANY, RESPONDENTS.

Submitted October 13, 1933—Decided January 26, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the prosecutor, *Jacob I. Polkowitz.*

The opinion of the court was delivered by

PARKER, J. This is a *certiorari* to a directed verdict of a jury on a claim of property, tried pursuant to sections 190 and 191 of the District Court act. *Comp. Stat., p.* 2008, 2009, The chattels had been levied on as the property of one Sendar, and the prosecutor herein, who claimed title to them by virtue of a prior sale under a landlord's distraint for unpaid rent, gave notice in writing to the officer holding the execution as provided by section 190, and the claim was tried by a jury of six men. Both the claimant and the execution creditor asked for a directed verdict, and the judge directed a verdict in favor of the execution creditor. Whereupon this writ was allowed to review the proceeding. See *City Bank* v. *O'Mara,* 88 *N. J. L.* 499.

A direction is correct practice in a proper case, where the claim of property is tried by the judge under a statute providing that the court is to "proceed as in other cases of trial by jury." *Central Pennsylvania, &c., Co.* v. *Hudson County Common Pleas,* 112 *N. J. L.* 22; *Folwell* v. *Fuller,* 53 *Id.* 572; *Levinson* v. *Godfrey,* 79 *Id.* 212; *Reiman* v. *Wilkinson Gaddis & Co.,* 88 *Id.* 383 (at *p.* 385). But to justify a direction in any case, no material fact should be in substantial dispute.

That Sendar was the owner of the chattels at the time of making the distress, which was in June of 1932 (the sale in distress was about June 22 of that year) seems undisputed. The suit in the District Court was begun July 12th, and the execution and levy were some days later. Unless the distress proceedings were invalid for some reason, it would seem that claimant as the purchaser at the sale under the distress, should have prevailed as against a subsequent judgment creditor of the tenant Sendar, at least to the extent of allowing the jury to pass on the credibility of the claimant's evidence. The present suit does not seem to be defended, and in the absence

of some suggestion by counsel we are unable, after careful examination of the return and the certificate of the District Court judge in answer to a rule by this court, to perceive any valid ground for the direction of a verdict for the judgment creditor. The claimant was at least entitled to have the jury pass upon his claim as laid before them on the evidence..

The verdict and judgment on the claim of property will be set aside, and the matter remanded for a further trial of the claim.